IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 05-60813-CIV-MOORE

FLORIDA ALLIANCE FOR
RETIRED AMERICANS, BROWARD
ANTI-WAR COALITION, BROWARD
COUNTY GREEN PARTY, GREEN
PARTY OF FLORIDA, HAITI SOLIDARITY
and LAKE WORTH FOR GLOBAL JUSTICE,

    Plaintiffs,

vs.    **ORDER**

CITY OF FORT LAUDERDALE, a
municipal entity, and BROWARD
COUNTY, a political subdivision of the
State of Florida

    Defendants.
_____/



THIS CAUSE came before the Court upon Plaintiffs' Emergency Motion for a Temporary Restraining Order (DE #2).

UPON CONSIDERATION of the Motion, the Response, the Reply, having heard oral argument, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    Introduction**

Plaintiffs are six community groups who plan to engage in communicating their views on issues of public concern to the participants of the Organization of American States ("OAS") meeting to be held in Fort Lauderdale from June 4, 2005, to June 7, 2005. Defendants are the City of Fort Lauderdale and Broward County. Plaintiffs allege that Defendants have violated their First Amendment rights by creating a security perimeter, which prohibits all public access within a defined area surrounding the location of the OAS meeting. Plaintiffs also challenge the constitutionality of certain provisions of the Fort Lauderdale City Code ("City Code"). Plaintiffs filed the instant Emergency Motion for a Temporary Restraining Order, seeking the Court's

determination of the constitutionality of Defendants' actions before the beginning of the OAS meeting on June 4, 2005.

## II. Discussion

To prevail on a motion for a temporary restraining order, the moving party must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs the harm an injunction may cause the non-movant; and (4) that granting the injunction would not disserve the public interest. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994).

### A. Security Perimeter

The creation of a security perimeter is properly analyzed as a content neutral time, place, and manner restriction. Clark v. Comm. for Creative Non-Violence, 468 U.S. 288, 293 (1984). Accordingly, in order to prevail on their Motion for a Temporary Restraining Order, Plaintiffs must show that the security perimeter is not narrowly tailored to serve a legitimate government interest, or that Defendants have not left open a reasonable channel for communication. Plaintiffs claim that the security perimeter established by Defendants is not a reasonable time, place, and manner restriction. Pl. Mem. at 16. Defendants disagree, arguing that the security perimeter is necessary to ensure the safety of the OAS participants and that Defendants have provided Plaintiffs with a reasonable alternative location where they can communicate their message. City Mem. at 10; County Mem. at 12-14.

Among those attending the OAS meeting are President Bush, Secretary of State Condoleezza Rice, two state governors, two foreign heads of state, and numerous other foreign dignitaries. The Court finds that providing for the security of the individuals attending the OAS meeting is a legitimate government interest.

In deciding whether the method chosen to meet this interest is sufficiently narrowly tailored, the Court considers whether the method is "substantially broader than necessary to achieve the government's interest." Ward v. Rock Against Racism, 491 U.S. 781, 800 (1989). The Court finds that the security perimeter, as defined by Defendants at the hearing on Plaintiffs'

2

Motion for a Temporary Restraining Order, is not substantially broader than necessary to protect the participants of the OAS, and that it leaves open a reasonable channel of communication.

The security perimeter does not, as Plaintiffs maintain, compel Plaintiffs to convey their message from a distance greater than 300 yards. Pl. Mem. at 16. Rather, the security perimeter, as represented to the Court by Defendants, permits Plaintiffs to assemble at the intersection of Eisenhower Blvd. and 17th St. Causeway. This intersection appears to be within site and sound of the Broward County Convention Center, the location of the OAS meeting, and is also along the only available vehicular route many of the OAS participants will take when traveling to the meeting. Therefore, the security perimeter is not substantially broader than necessary to provide for the security of the OAS participants, and it leaves Plaintiffs with a reasonable alternative for communicating their message. Accordingly, Plaintiffs Motion for a Temporary Restraining Order is denied with respect to the security perimeter.

B.   City Code

Plaintiffs also challenge the constitutionality of several Provisions of the City Code. At the May 27th hearing, counsel for the City of Fort Lauderdale represented to the Court that the City has not, and would not, be enforcing the sections 16-73, 16-71(8) and 25-4 of the City Code, which regulate activity on public sidewalks. Additionally, counsel for the City represented that the City would address applications for parade permits made by Plaintiffs, and any other groups, within 48 hours of such a request being made. Should an application be denied, the groups could seek prompt judicial review. Based on these representations, several of the challenged sections of the City Code appear moot for purposes of deciding Plaintiffs' Emergency Motion for a Temporary Restraining Order. As a result, at this time the Court need not address the constitutionality of those sections of the City Code dealing with lawful activity on public sidewalks, 16-73, 16-71(8) and 25-4, and those sections dealing with the parade permit scheme, 15-181 to 15-184 and 26-202.

Finally, because it is unclear whether the City intends to enforce section 26-202.1 of the City Code, the Court must address the merits of Plaintiffs' claim with respect to this provision.

3

The Court finds that Plaintiffs are likely to prevail on their challenge of section 26-202.1 of the City Code. On its face, this regulation is content based, and provides city officials with an unconstitutional amount of discretion to decide which groups fit within the definition of "Parade" and "Public Assembly." Furthermore, allowing the City to enforce this regulation would cause a substantial threat of irreparable injury to Plaintiffs, which outweighs any harm to Defendants. Accordingly, the Court finds that Plaintiffs are entitled to an injunction preventing the City from enforcing section 26-202.1 of the City Code.

### III.  Conclusion

Based on the Foregoing, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for a Temporary Restraining Order is GRANTED with respect to section 26-202.1 of the City Code, and DENIED with respect to all other claims, in accordance with this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 2nd day of June, 2005.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record